Moncure, P.,
delivered the opinion of the court.
This is a writ of error to a judgment of the circuit court of Franklin county, rendered on the 16th day of August, 1876, in an action of debt brought by Stephen Watts, executor of Charles B. Keynolds, deceased, against George E. Dennis, executor of James S. Callaway, de *437 ceased. The action was brought on a single bill, obligatory for the sum of four hundred and forty-six dollars and forty-five cents, dated the 30th day of March, 1853, executed by the said James S. Callaway and Peter G. Price, Peter H. Callaway and Thomas Callaway, as joint obligors, and payable on demand to the said Charles 33. Reynolds. The action was tried on a single issue, joined on a plea of payment by the defendant’s said testator. On the said trial the jury found a verdict for the defendant, and the court rendered judgment on the said verdict accordingly.
Two bills of exceptions to rulings of the court on the trial of the action were made parts of the record on motions of the plaintiff; but it is necessary to notice here only the first of them, which is in these words:
“Re it remembered, that at the trial of this cause, the defendant offered to examine Thomas Callaway as a witness in his behalf, to which the plaintiff, by counsel, objected, on the ground that said Callaway was not a competent witness, he being one of the obligors to the bond in the declaration mentioned, and the other obligors and the obligee being dead, the said T. C. Callaway having been discharged in bankruptcy; but the court overruled said objection, and permitted the said witness to testify. To which ruling of the court the plaintiff', by his counsel, excepted, and prayed that this, his bill of exceptions, be signed, sealed and made a part of the record, which is accordingly done.”
The plaintiff applied to a judge of this court for a writ of error and supersedeas to the said judgment; which were accordingly awarded.
The only assignment of error in the said judgment made by the said plaintiff by counsel is:
“That the said circuit court erred in its ruling that Thomas Callaway, the only surviving party to the bond sued on, which bond was the subject of investigation in *438 said action, was competent to testify in behalf of the defendant, whose interest was adverse to that of the plaintiff, whose testator was the obligee to said bond. (See §§ 21 and 22, ch. 172, Code of 1873).”
It was admitted on the trial that the said Thomas Callaway, whose testimony tended to prove that the debt sued for had been paid more than fifteen years before the action was brought, had been discharged in bankruptcy before he gave his testimony. He was therefore released by his said discharge from any liability for the said debt, and was, on common law principles, a competent witness in the said action to prove the payment of the said debt. It is not pretended, and was not on the trial of the action, so far as the record shows, that the debt was not such a. one as was released by the said discharge in bankruptcy, and it must be presumed that it was, in the absence of evidence to the contrary. That a discharge in bankruptcy removes the incomptency of a person as a witness in such a case, on common law principles, is well settled by authority, as is clearly shown in the books referred to by the learned counsel for the defendant in error. 1 Phillips on Evidence, p. 133, Cowen & Hill’s edition; 1 Greenleaf on Evidence, § 430; Murray v. Judah, 6 Cow. R. 484.
Then, Thomas Callaway having clearly been a competent witness on the trial of the action according to the principles of the common law, the only remaining question is, did the statute referred to in the said assignment of error render him incompetent ?
That statute was enacted to remove incompetency in certain cases, and not to create it in any case. The sections and chapter referred to are sections 21 and 22 of chapter 172.
Section 21, in very broad terms, removes incompetency by declaring that “ no witness shall be incompetent to testify because of interest; and in all actions, suits or *439 other proceedings of a civil nature, at law or in equity, before any court or before a justice of the peace, commissioner or other person having authority by law, or by consent of parties to hear evidence, the parties thereto, and those on whose behalf such action, suit or proceeding is prosecuted or defended, shall, if otherwise competent to testify, and subject to the rules of evidence and practice applicable to other witnesses, be competent to give evidence on their own behalf, and shall be competent and compellable to attend and give evidence on behalf of any other party to such action, suit or proceeding, except as hereafter provided.”
Certainly, there is nothing in that section which can create incompetency in any case. Its only purpose is to remove incompetency in certain cases where it existed. Then the question is, whether there be anything in the next section which could render incompetent a witness who was thus made competent by principles of the common law?
Section 22 was obviously and professedly intended only to enumerate and define the exceptions contemplated and referred to in section 21, and not to create incompetency in any case where it did not exist at common law. Its language is: “Nothing in the preceding section shall be construed to alter the rules of law now in force in respect to the competency of husband and wife as witnesses for or against each other, during the coverture or after its termination, nor in respect to attesting witnesses to wills, deeds or other instruments; and where one of the original parties to the contract or other transaction which is the subject of the investigation is dead, or insane, or incompetent to testify by reason of infamy, or any other legal cause, the other party shall not be admitted to testify in his own favor, or in favor of any other party having an interest adverse to that of the party so incapable of testifying, unless he shall he first called to testify in behalf *440 of such last mentioned party; and where one of the par^es *s an executor, administrator, curator, or committee, other person representing a dead person, an insane person or a convict in the penitentiary, the other party s'ia^ no*- permitted to testify in his own favor, unless the contract or other transaction in issue or subject of 0 investigation was originally made or had with a person AV|10 jg iiving or competent to testify, except as to such things as have been done since the powers of such fiduciary were assumed.”
It is plain that neither this section nor the next preceding was intended to apply to a person offered as a witness in a cause who had no interest in the subject in controversy in the cause, and was therefore not incompetent to testify because of interest. As before stated, section 21 is a general provision removing the incompetency of a witness to testify “ because of interest,” but containing an exception in these words: “exceptionshereafter provided;” and section 22 embraces the exceptions thus referred to in section 2Í. These two sections are to be construed with that view, if the words therein used will reasonably admit of that construction, as we think they will. The words, “ the other party shall not be admitted to testify in his own favor,” in section 22, plainly indicate that the party here referred to is a person'having an interest in the subject of controversy. IIow else could he be admitted to testify in Ms own favor? J3ut this meaning is rendered still more plain by the words w'hieh immediately follow the words last quoted from the same section: “ or in favor of any other party having an interest adverse to that of the party so incapable of testifying,” &g. The words “other” and “interest,” in this section, show that the true construction of the words “in his own favor” is as aforesaid.
See what is said by Judge Burks in delivering the opinion of this court in the case of Borst v. Nalle & als., 28 *441 Gratt. 423, 484, referred to by the counsel of the defendant in error in this case.
But if there could have been any reasonable ground for doubting that such was the true construction of section 22 as it stands in the Code of 1873, the question is conclusively settled by the act approved April 2, 1877, entitled “ an act to amend and re-enact section 22, chapter 172, Code of 1873, in relation to parties to suits testifying in certain cases”—Acts of Assembly 1876-77, p. 265, chap. 256. That act concludes with a proviso in these words: “ provided, however, that no witness who 'would have been competent to testify as the law stood before the passage of this and the preceding section shall -be rendered incompetent hereby.”
This act was in force from its passage, which was before the trial of the action in this case, and therefore the act governs the case. This act was passed after the decision of this coui’t in Borst v. Nalle § als., supra, and no doubt in consequence of what was said by the court in that case. At least, the proviso aforesaid was adopted in consequence of what was said.
We have examined the two cases referred to by the learned counsel for the plaintiff in error—Mason & als. v. Wood, 27 Gratt. 783, and Grigsby & als. v. Simpson, ass'ee, &c., 28 Id. 348—but they do not affect the view above presented. We therefore deem it unnecessary to comment upon them.
We are therefore of the opinion that there is no error in the judgment of the circuit court, and that the same ought to be affirmed.
Judgment affirmed.